Omega v. United States. We'll hear from the appellant. Good morning, Your Honors, and thank you. May it please the Court, my name is Mike Black, and I'm here representing Omega Forex. Pull the microphone up just a hair. Certainly. Is that better? That's better. And I'm here for Omega Forex, by and through its partner, Robert Flatt. There were a number of assignments of error in the appeal here today, but what I'd like to discuss with this Court this morning is the issue that I think underlies most, if not all, of those issues. And that issue is this. What is the correct scope of review for the district court in determining the partner's statute of limitations in a partnership-level proceeding? And I think I would suggest that the answer to this is a simple one, as most good answers are. And that is that in a partnership-level proceeding, the issues are limited to the partnership issues. And particular to this case, allegations of fraud at the partnership level. So when you're speaking of scope of review, you're not talking about scope of review in the royal appellate scope of review sense. You're saying how broad is our search? What do we look at to consider the partnership tax issue? Correct, Your Honor. I'm talking about what was the jurisdictional scope of the district court's evaluation in the proceeding. The proper venue for individual issues, and in particular, the individual allegations of individual fraud, is in an individual-level proceeding. And by that, I want to be clear. What I mean is, in this case, an audit of Mr. Flath's return, individual returns for the year. The administrative appellate rights that he would enjoy in that audit, a statutory notice of deficiency, and judicial review of that statutory notice of deficiency in a proceeding where all of his circumstances and defenses were available. That's not what happened here. Instead, this, a partnership proceeding, when the IRS was unsuccessful in attributing the conviction of the organizer of the entity to the partners, including Mr. Flath, the IRS then switched to asserting and trying the issues of Mr. Flath's perceived individual inaccuracies on his individual return. In particular, the idea of the outside basis in his partnership interest, these deductions for insurance payments and the like. The district court allowed this to go on at the trial level over my objection, and the district court relied upon these individual issues in rendering its ruling. Well, the IRS would have authority, just as a baseline, to look at any tax liability of an individual, period. Isn't that right? In an individual proceeding, yes, Your Honor. And if that individual is connected to a partnership, you're saying what happens then? There's some kind of barrier? We can't look at the individual? That's correct. This is not a gotcha argument, Your Honors. It is not. What I am saying is that, by definition, the way that the statutes set up these proceedings, there is a difference between a partnership proceeding and an individual-level proceeding. And in a partnership-level proceeding, the court is limited to partnership issues, and the individual issues that were raised in the district court here were beyond the scope that the district court was required to review. We were told throughout not only the statutes but also a lot of the arguments that have been raised here that the idea of looking at a partnership tax liability is to look at it as one complete whole. You look at the analysis as a whole, involving all the partners, the partnership. You look at it as a package, right? Isn't that part of what's asserted here? In a way, yes, Your Honor. The idea behind TEFRA, prior to TEFRA, the Tax Equity and Fiscal Responsibility Act in 1982, prior to that, when the IRS was going after partnership inaccuracies, it had to go and engage in individual audits of each partner, and in large partnerships, that resulted in inconsistencies in the results. So Congress passed TEFRA and created this procedure where all of the partnership-level issues were resolved in one proceeding, but it has always been part of TEFRA that individual-level issues required an individual-level proceeding beyond the partnership one, which is where a lot of this confusion obviously comes from, because that is a bit of a conceptual problem. Because there are individuals in the partnership. Because there are individuals in this partnership. However, this is the way the statute is set up. The statute that provides for judicial review of these partnership-level audits states that the district court is limited to looking at partnership items for the partnership in question. It also, of course, permits partners to show up and contest whether or not the statute of limitations for partnership items has expired. TEFRA also has a partnership statute of limitations provision. That's Code Section 6229, and that section mirrors the language of the jurisdictional grant in TEFRA and says that partnership items, the statute of limitations for partnership items, will not run before three years after the date of the filing of the partnership return. It then has a fraud provision as well that says partners who sign the partnership return, their statute for partnership items is indefinite. Partners who do not sign the partnership return, their statute for the assessment of partnership items is six years. Well, isn't the key to your argument, the point you rely on to a great extent, is whether or not it is true that 6229 is, in fact, a statute of limitations? The government's arguing that it's not. I understand that they are arguing that it's not. What's your support for saying that it is? Because we have several courts saying that it's not. First of all, it's designated as a statute of limitations in the statutory language. Second, when I'm talking with the IRS about this, I think we're talking past each other, because the case law says that you have to look at these two statutes of limitations together, that there's really just one. And I agree with that analysis. The question is where those are raised. And that is where the IRS and I are talking past each other. In a partnership-level proceeding, the district court should have looked solely to the partnership, the TEFRA statute of limitations. That has no bearing on what might be the statute in an individual proceeding if the IRS chose to engage in one. As I said, I'm not arguing this as a gotcha, that somehow the partnership, the TEFRA statute of limitations, then limits an individual assessment. I'm simply saying that in a partnership-level proceeding, that's what applies. Back to my question. What cases do you have that indicate that 6229 is, in fact, a statute of limitations? All of the cases that describe the two statutes as working together call them together a statute of limitations. Well, the Federal Circuit case, A.D. Global Fund, it says based on the plain text of the statute, section 6229A does not create an independent statute of limitations. Certainly not. Not an independent one, but it is the extension that applies to partnership-level items. So you would agree, then, that you would read that with the basic 6501 statute of limitations? They are to be read together? They certainly are because, again, a partnership does not pay taxes. It's the individual who does. And if you do that, and if you say you look at 6501, and if you have fraud by the individual taxpayer, isn't the statute of limitations extended forever? Yes. That is the way that 6501 operates in an individual proceeding. And this is the distinction that I'm trying to make. And this is the distinction that I think is important but is very abstract, as is all of the TEFRA. I agree. It's extremely abstract. Thank you, Your Honor. But that unfortunately is the nature of this, of the TEFRA processes themselves. And the abstractness of this is that the partnership-level proceeding is only part of the picture. And then there's an individual-level proceeding that fills out the rest of it. Where does the fraud play in both, according to your argument, as a distinction between the partnership and the individual? Because fraud plays a role in both proceedings, doesn't it? It would, Your Honor. And if you have fraud in the partnership proceedings, as you're arguing, the statute of limitations, it's out, right? It is as to the partners who sign the return. Okay. And don't you have that here? Didn't Mr. Flatt, didn't he sign the partnership return? He did not, Your Honor. Okay. He was a small, limited minor partner in the partnership. And there's no evidence that he ever signed the return or had anything to do with the preparation of the tax return for the partnership. But you then acknowledge that it's the individual who actually pays the tax because it flows down to the individual. Yes. So the real question here is, was the IRS allowed in a partnership proceeding to drag in all of the individual issues to try to establish, to try to uphold the partnership assessment, which denied the individual partner his opportunity for his individual proceeding? Or were they required to litigate only partnership issues in the partnership one and then bring a separate individual proceeding if they wished to assert that he had individually committed fraud on his individual return? That is the distinction that I... So you're arguing that IRS was wrong in the way they proceeded. It's a procedural question. That is, they should have resolved everything in the partnership and then looked at individuals if possible? That is exactly how the statute is set up, how TEFRA is set up. And it's exactly how the U.S. Supreme Court analyzed the issue in the penalty arena in U.S. v. Woods. And in that case, the Supreme Court was looking at whether or not, in a partnership proceeding, they could assert, and they were able, the district court was able, to assert a penalty that relied upon partner-level issues. And the court said that what happens in a TEFRA proceeding is at the partnership level, the court can make the partnership-level findings that relate to the penalty, but then you would have to have a partner-level proceeding to fill out the rest of any issues that were required to fully assess that penalty. This type of bifurcation of the partnership issues and the individual issues is part of TEFRA and is exactly the way that the Supreme Court analyzed the issue when it was talking about penalties in exactly this... in a similar TEFRA type of case. So that was the error. And that similar type of case was Woods? It was U.S. v. Woods, and it's 134 Supreme Court 550. Yes, okay. With that, thank you. Thank you. Good morning. Good morning. May it please the Court. I'm Anthony Sheehan. I represent the United States. I understand Mr. Blatt's argument, but we have a fundamental difference of opinion. I take his representation in good faith that he's not trying to set up a gotcha or a whipsaw, but that still poses a problem for the government. If we look at the cases cited in our brief, Weiner, Davenport, Chimblow, and a case relied on by Mr. Pratty, they all say that the statute of limitations is a partnership issue, and if it's not raised and resolved at the partnership level, it's forever waived. That is confirmed by the actual statute conferring jurisdiction, 6226D, which states that a partner can raise the statute of limitations solely for the purposes of asserting that the statute has expired for assessing partnership items against him, and the court shall have jurisdiction to consider such assertion.  He said, sorry, guys, you're too late. You cannot assess omega-4x items in my return. It's over. He put that in issue. Once he puts that in issue, we need to consider what is the statute of limitations, because the court has jurisdiction as the Fifth Circuit setting curse-spec partners. A trial court does not overreach its jurisdiction in a partnership-level proceeding when, for limitations purposes, and we're not going beyond limitations purposes, it considers whether a partner's individual tax return remains open to assessment. Because Mr. Flath put limitations in, we look at the limitation statutes. We start with 6501A, which is the standard limitation, as we recognize partnerships are pass-through entities. It is the individual partner who is actually paying the tax. Statute of limitations extensions are strictly construed in the favor of the government, and if a tax item has more than one extension applicable to it, the government gets the benefit of the longest extension. There can be more than one applicable to a tax item. If a taxpayer commits fraud in his individual return, the statute of limitations is open for all time for all assessments, including partnership assessments. That's Lowy. It's Colstock. It's the tax court in Rome, Poland. Thus, by asserting the statute of limitations defense, Mr. Flath did open up his return and proceedings to consider the individual fraud on his return. To look through it and to see, yes, there is fraud. If there's fraud on your return, the statute of limitations for that return is open forever. And, indeed, your assertion that the period of limitations for assessing the Omega 4X taxes has expired is not correct. And the court did have jurisdiction to consider that. So the fraud on the individual return extends the statute of limitations for the partnership return? Is that what your point is? It extends the statute of limitations for assessing any item on the individual's return, including partnership items. If Rome, Poland, the tax court, spoke to that very issue, Your Honor, and said that, let's say you've got a law firm. It's completely honest in its dealings, but one partner commits fraud outside the law firm. That would extend his statute of limitations for all time. But it does not affect any of the statutes of limitations of any of his other law partners. Mr. Flath likes to quote the Federal Circuit's opinion in Pratty that 6501 and 6229 do not operate independently to allow a taxpayer to assert one in isolation. And we agree, a taxpayer cannot play the different statutes off against each other. But the government still gets the benefit. As the Federal Circuit also said in the BASR case cited in our brief, 6229C1, which is the partnership fraud, does not supplant 6501C1. And in that vein, I would also point out that, as held by Kurzbeck, Andantec, Rome-Polak, AD Global, 6229 is not a statute of limitations. It does not place a limit. Its own language is, shall not expire before. It is an extension, and it sets a minimum time. I would also just like to comment briefly on the limit. Let me ask you, on the 6229, is that the one that opposing counsel was referring to that says that it is a statute of limitations, the title of it? Yes. He is saying that it is a statute of limitations. So far, every court that's looked at it has disagreed. But is that what the statute says, or that it is a statute? Is it named statute of limitations? Let me take a look here, because I do have the... Yes, it does say that. But then you go into the actual language of the statute, and the statute says that it shall not expire before. It does not set – it deals with the period of limitations, but it does not set a limit. It sets a minimum time for the IRS in which the IRS is allowed to assess partnership items. It does not set a cutoff time. And that's the language of the – going beyond the title, that's the language of the actual text of the statute. Finally, looking at... Can I just address that, though? Are you saying that the title is inconsistent with the language, or that they are somehow consistent with each other? I'd say the title is descriptive. It tells what the statute is about. Let me find it here again. It does deal with the period of limitations for making assessments. And – but the – so, yes, it is a perfect description, because it does deal with that period. But the language is shall not expire before three years. So it doesn't actually set a limit. It sets a minimum time. And every court that has looked at it so far has reached that same conclusion. It sets a minimum time within which the IRS is allowed to assess a partnership item, because while partnerships are not taxed in and of themselves, they do file a separate return as an information return apart from the partners. And so it keys off saying when the partnership files the return, you get at least three years, or six years if there was fraud in the partnership return. You get those as minimum periods, shall not expire before. And that's to protect the revenue also to key in and coordinate the different filing times of the different returns. Just going to Woods. Woods is a Supreme Court case that dealt specifically with penalties, and it dealt with a different statute. It dealt with 6226F, which talks about determining the applicability of the penalty at the partnership level. And it did indeed say that you determine at the partnership level whether a penalty is applicable, and then the partners in refund suits do get the chance to raise their individual partner defenses, which is different language from 6226D, which deals with the statutes of limitations. So if there are no further questions, we will rest on our brief. So TEFRA has been repealed? Yes, it has, Your Honor. So this is a case of last impression? I guess in that sense. We don't know what's in the pipeline, but, yes, the new statute I believe is effective for this year. Okay. Thank you. Thank you, Your Honor. Thank you, Your Honors. Just to address that last question, the deductions at issue were reported in 1998 and 1999, and they were not addressed or assessed by the IRS until 2014. So there's a long period where the Court may see these things come up again in the future. And I want to reiterate as my last statement that this is not about a gotcha. This is about a level playing field to make sure that the processes and procedures and statutes that apply to the taxpayer are also honored by the IRS and that one is not getting an unfair advantage over the other. Well, the government argues that you, your client, raised the statute of limitations issue and put that question in issue. And so then isn't it proper for the Court to look and say, well, was there fraud here that would have extended the statute of limitations on an individual level? He raised the statute of limitations at the partnership level and the partnership statute of limitations. That was appropriate under the statute, but, again, it's the scope of what was at issue in that proceeding. And in that proceeding, only the partnership issues were at issue, not the individual ones. Well, I take it from what your opposing counsel said was that that's where it has to be raised, and if the individual doesn't raise it there, it's waived, so that by raising the statute of limitations in the partnership, that that opened the door then on the basis of individual fraud. He was required to raise the partnership statute of limitations in the partnership, Your Honor, but the individual one is a different issue. And I see that my time has expired. Well, doesn't this road run both ways? I mean, he is trying, your client is trying to say, I don't owe this assessment because the statute has run and isn't then, once you put the question at issue, doesn't the IRS have the ability to say, no, it's not, and here's why? Your Honor, this is not about him getting out from underneath these taxes in all circumstances. It's not a not ever. It's just not here. If the IRS wished to proceed against him individually, they might have that ability to do so. It was this proceeding where it was improper. Okay. Thank you. Thank you. Thank you both for your arguments. The case is submitted.